## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **RONNIE TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.:** |
| **v.** ) | |
| ) | **Jury Trial Demanded** |
| **STONELEIGH RECOVERY** ) | |
| **ASSOCIATES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## Complaint for Damages

Plaintiff ("Plaintiff") files his Complaint for Damages against the Defendant ("Defendant") for its willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").

## Jurisdiction

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331.

2.     This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2).

4.     This Court also has supplemental jurisdiction with respect to Plaintiff's claims under the Georgia Fair Business Practices Act ("GFBPA") pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this Court because the Defendant sent Plaintiff communications violating the FDCPA while Plaintiff resided in this judicial district, the communications were targeted to the Plaintiff while he resided in this judicial district, and Plaintiff received the offending communications while he resided in this judicial district.

## Parties

6.     Plaintiff is a natural person residing in Perry, Georgia, which is located in Houston County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

7.     Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

8.     Defendant is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.     Defendant's principle purpose is the collection of consumer debts.

10.     Summons and Complaint may be served on Defendant by service on its registered agent for service of process in Georgia, Corporation Service Company, located at Defendant's registered address in this state, 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092, or wherever they may be found.

11.     Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia. These communications emanated from this judicial district.

12.     Defendant uses the mails and interstate commerce in the connection of consumer debts regularly.

13.     Defendant regularly contacts consumers and attempts to collect debts from consumers residing in this judicial district and throughout Georgia.

14.     Defendant maintains no assets, offices, or employees in Georgia.

## The Fair Debt Collection Practices Act

15.     Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Jerman v. Carlisle, McNellie, Rini, Kramer. & Ulrich L.P.A.*, 559 U.S. 573, 576 (2010).

## Facts

16.     Defendant alleges Plaintiff incurred a financial obligation ("Debt") with Confirmatrix Laboratory, Inc. on or about December 9, 2014.

17.     The Debt was allegedly incurred for personal, family, or household purposes and not for a business or commercial purpose.

18.    Confirmatrix Laboratory, Inc. went bankrupt amid a federal investigation regarding overbilling of Medicare, insurance companies, and patients.[1]

19.    Confirmatrix Laboratory, Inc.'s assets were sold at auction including patient accounts.

20.    On information and belief, First Portfolio Ventures I, LLC purchased an account and alleged Plaintiff owed a balance on the account.

21.    First Portfolio Ventures I, LLC retained Defendant to seek to collect on the alleged balance constituting the Debt.

22.    Defendant regularly engages in the collection of debts.

23.    The Debt was placed with, obtained by, or assigned to Defendant for the purpose of collecting or attempting to collect the Debt.

24.    The Debt was alleged to be in default at the time it was placed with, obtained by or assigned to Defendant.

25.    Plaintiff did not owe any amount to First Portfolio Ventures I, LLC, Confirmatrix Laboratory, Inc., or Defendant at any time relevant to this action.

26.    Defendant and First Portfolio Ventures I, LLC knew the accounts purchased at auction from Confirmatrix Laboratory, Inc. were potentially fraudulent and erroneous.

---

[1] Drug screening lab under federal investigation heads for auction. AJC.com accessed on April 7, 2019 at https://www.ajc.com/news/state--regional/drug-screening-lab-under-federal-investigation-heads-for-auction/J0rirDxt1brPFCZgcuBPQJ/

27.     On March 2, 2018, Defendant sent Plaintiff a dunning letter seeking to collect the Debt.

28.     A true and accurate copy of the March 2, 2018 dunning letter is attached hereto as Exhibit "A."

29.     Plaintiff did not owe Defendant any amount on March 2, 2018.

30.     Plaintiff disputed the Debt with Defendant.

31.     Defendant acknowledged the dispute on March 23, 2018 in a letter stating Defendant received the dispute.

32.     Defendant provided an account ledger and again began attempting to collect the Debt on April 23, 2018.

33.     A true and accurate copy of the April 23, 2018 dunning letter is attached hereto as Exhibit "B."

34.     Defendant continued to make efforts to collect the Debt from Plaintiff after April 23, 2018 via telephone on numerous occasions.

35.     Finally, on May 14, 2018, Plaintiff had his Doctor office write a letter regarding the Debt in an effort to stop Defendant's collections efforts.

36.     A true and accurate copy of the May 14, 2018 letter is attached hereto as Exhibit "C."

37.     Defendant knew the accounts purchased from Confirmatrix Laboratory, Inc. were bad debts and likely uncollectable because of the extenuating circumstances regarding the purchase of the accounts.

38.     Instead of listening to a consumer and taking his dispute at more than face value, Defendant sought to harass Plaintiff into paying a debt he never owed.

## **Causes of Action**

## **Count I – Violations of the Fair Debt Collection Practices Act**
## **15 U.S.C. §§ 1692 *et seq*.**

39.     Plaintiff is a "consumer" as defined by as that term is defined by 15 U.S.C. § 1692a(3).

40.     The Debt is a "debt" as that term is defined by 15 U.S.C.

41.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

42.     The April 23, 2018 dunning letter and Defendant's other attempts to collect the Debt are all a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

43.     Defendant's collection efforts to collect the Debt violated the FDCPA in one or more of the following ways :

> i.   Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt, which constitutes a violation of 15 U.S.C. § 1692e, by creating the false impression Plaintiff owed Defendant an amount he did not owe;

> ii.  Seeking to collect an amount greater than what could legally be collected from Plaintiff and, thus, making a false,

deceptive, or misleading representation regarding the amount of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A); and,

iii. Using unfair and unconfinable means in connection with the collection of a debt by seeking to collect an amount not authorized by agreement or statute in violation of 15 U.S.C. §1692f(1) by attempting to collect an amount which Defendant was not authorized to collect from Plaintiff.

44.     Defendant's actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

45.     Because of Defendant's abusive collection practices, Plaintiff experienced emotional distress including frustration, stress, and anxiety.

46.     As result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## Count II – Georgia Fair Business Practices Act

## O.C.G.A. §§ 10-1-390 *et seq*.

47.     The GFBPA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act. 15 U.S.C. § 45(a)(1).

48. A violation of the FDCPA is a violation of the GFBPA. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

49. Plaintiff is not required to submit a pre-suit demand to Defendant, because the Defendant maintains no assets, offices, or employees in Georgia.

50. Defendant's violations of the FDCPA were done intentionally and willfully, were not the result of error, and were not in conformity with any law, regulation, consent order, or other promulgation of rules.

51. Defendant's violations of the FDCPA caused Plaintiff harm in the form of emotional distress, stress, and anxiety.

52. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendant's intentional and/or willful violations of the FDCPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendant.

## **Demand for a Jury Trial**

53. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual and statutory damages in an amount in excess of $1,000.00;

b) The trebling of damages as contemplated by the GFBPA;

c) Damages sufficient to offset any tax liability Plaintiff may incur because she was acting as a private attorney general to enforce the provisions of the FDCPA as contemplated by the Congress

d) The award of costs and reasonable attorneys' fees pursuant to the FDCPA in an amount to be proven at trial but in excess of $3,000.00;

e) Pre- and post-judgment interest, if applicable;

f) Such other and further relief as the Court may deem just, necessary, or appropriate.

Submitted April 13, 2019.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF GEORGIA                              )

                                             ) ss

COUNTY OF HOUSTON                       )

       Pursuant to 28 U.S.C. § 1746, Plaintiff Ronnie Taylor, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     _____April_____ _____8_____ , _____2019_____
                        Month            Day         Year

                        _____
                        Signature